UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY SIVAK,<br><br>               Petitioner,<br><br>    v.<br><br>IDAHO COMMISSION OF PARDONS AND PAROLE,<br><br>               Respondent. | Case No. 1:24-cv-00504-BLW<br><br>**INITIAL REVIEW ORDER** |

Petitioner Lacey Sivak, a prisoner in the custody of the Idaho Department of Correction, has filed a petition for writ of habeas corpus. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"); *see also* Habeas Rule 1(b) (stating that a district court may apply the Rules Governing Section 2254 Cases to habeas petitions not filed under 28 U.S.C. § 2254).

REVIEW OF PETITION

1. **Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it

INITIAL REVIEW ORDER - 1

plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see also see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (stating, in the context of a § 2241 petition, that "district courts are expected to take an active role in summarily disposing of facially defective habeas petitions.") (internal quotation marks omitted), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382, 218 L. Ed. 2d 421 (2024).

**2.     Discussion**

In these proceedings, Petitioner challenges the decision of the Idaho Commission of Pardons and Parole ("Commission") to deny his request for medical parole. *See* Dkt. 1 at 8; Dkt. 5.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law, but a person cannot obtain relief on a due process claim unless he demonstrates that he was deprived of one of these protected interests. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989). As to release on parole, the United States Supreme Court has held that there is "no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011).

Therefore, an inmate may challenge a decision to deny parole only when there is a *state-created* liberty interest in parole. *Id.* If a state statute governing parole "contains mandatory language and imposes substantive limitations on the discretion of those making the parole decision," then an inmate has a state-created liberty interest in parole

and may bring a procedural due process challenge to a parole decision. *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010).

In *Banks v. State of Idaho*, 920 P.2d 905, 908 (Idaho 1996), the Idaho Supreme Court held that there is no state-created liberty interest in parole in the State of Idaho. *Banks* acknowledged the existence of Idaho Code § 20-223, which, at the time, contained the phrase "a parole shall be ordered … when" the Commission deemed that the inmate no longer posed a threat to society. *Id*. at 907 (emphasis omitted). However, the court did not find the statute's "shall" language controlling in the liberty interest analysis. Rather, the state supreme court relied on Idaho Code § 19-2513—which governs sentencing—noting that it does not contain mandatory language, but instead provides that "[t]he offender *may* be considered for parole or discharged at any time during the indeterminate part of the sentence." *Id*. at 889 (emphasis added).

The medical parole statute in Idaho provides that the Commission "*may* parole an inmate for medical reasons only when the prisoner is permanently incapacitated or terminally ill and when the commission reasonably believes the prisoner no longer poses a threat to the safety of society." Idaho Code § 20-1006(1) (emphasis added). This language is not mandatory. Rather, it provides that the Commission has discretion whether to grant an inmate medical parole. *See Moor*, 603 F.3d at 661. As such, the statute does not create a liberty interest protected by the Due Process Clause.

Because Petitioner has no federal or state-created liberty interest in being granted medical parole, the Petition must be dismissed as noncognizable.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 4) is GRANTED.

2. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: December 2, 2024

_____
B. Lynn Winmill
U.S. District Court Judge